Filed in Open Court 07/02/2024
Skyler B. O'Hara
By M. Ganett
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 23-cr-20010-02-DDC

DOUGLAS EDWARD ROBERTSON,

Defendant.

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorneys Ryan J. Huschka and Scott C. Rask and Trial Attorney Adam P. Barry, and Douglas Edward Robertson, the defendant, personally and by and through his counsel, Branden Bell, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Counts 1, 5, 6, and 23 of the Second Superseding Indictment charging violations of 18 U.S.C. § 371 (conspiracy); 50 U.S.C. § 4819 and 15 C.F.R. 764.2 (Export Control Reform Act & Export Administration Regulations); and 18 U.S.C. § 1956(a)(2), (h) (conspiracy to commit international money laundering). By entering into this Plea Agreement, the defendant admits to knowingly committing the offenses, and to being guilty of the offenses. ~~The defendant agrees to plead guilty by May 2, 2024.~~ The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Second Superseding Indictment to which he has agreed to plead guilty is not more than five years of imprisonment, a $250,000 fine, three years of supervised release, and a $100 mandatory special assessment. The defendant understands that the maximum sentence which may be imposed as to Counts 5 and 6 of the Second Superseding Indictment to which he has agreed to

Ver. 22-01

plead guilty is not more than twenty years of imprisonment, a $1,000,000 fine, three years of supervised release, and a $100 mandatory special assessment. The defendant understands that the maximum sentence which may be imposed as to Count 23 of the Second Superseding Indictment to which he has agreed to plead guilty is not more than twenty years of imprisonment, a $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, three years of supervised release, and a $100 mandatory special assessment. The defendant further agrees to forfeit property to the United States, as agreed.

2.  **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offenses to which the defendant is pleading guilty are as follows:

Between in or around 2020 and continuing through at least in or around March 2023, in the District of Kansas and elsewhere, defendant Douglas Edward Robertson admits that he conspired and agreed with Cyril Gregory Buyanovsky, Oleg Chistyakov, and others to willfully export, attempt to export, and cause the export of avionics equipment from the United States to end users in Russia and Russian end users in other foreign countries by filing false export forms, by failing to file required export forms, and, from the time period February 2022 to March 2023, by exporting, reexporting, and attempting to export controlled avionics equipment from the United States to Russia through third-party countries without having first obtained the required licenses from the U.S. Department of Commerce, in violation of U.S. export laws and regulations.

The defendant admits that he, Cyril Buyanovsky, and Oleg Chistyakov used the company KanRus Trading Company Inc. ("KanRus") to facilitate these illegal exports and that the defendant was a vice president of KanRus.

The defendant admits that between in or around 2020 and continuing through at least in or around March 2023, he conspired and agreed with Cyril Buyanovsky, Oleg Chistyakov, and others to knowingly fail to file and submit false and misleading export information through Electronic Export Information forms and the Automated Export System, in order to facilitate his and his co-conspirators' illegal export activity.

The defendant admits that when Russia invaded Ukraine in February 2022 and the U.S. Government responded with tightened export controls concerning Russia, he, Cyril Buyanovsky, Oleg Chistyakov, and others (the "Conspirators") continued to place orders for avionics equipment with companies in the United States; that the Conspirators knew that the equipment was ultimately destined for customers in Russia; and that the Conspirators attempted to hide the fact that the end users of the equipment were in Russia by, among other things, providing false end users to the U.S. companies; shipping goods through intermediary companies in Armenia, the United Arab Emirates, and Cyprus; and having the payments for the equipment come from banks in countries other than Russia, such as Armenia, Kazakhstan, Kyrgyzstan, Cyprus, and the United Arab

Emirates. Specifically, Douglas Robertson admits that, after February 2022, he and the Conspirators purchased the equipment described in the Second Superseding Indictment during that time period, and willfully had this equipment shipped to Russia, through third-party countries, in violation of U.S. export laws and regulations.

The defendant admits that on at least one occasion, he, Cyril Buyanovsky, Oleg Chistyakov, and others knew that the avionics equipment that they were shipping to Russia was for the Federal Security Service of the Russian Federation (also known as the "FSB"). Specifically, defendant admits that in or about November 2020, Chistyakov sent defendant a piece of avionics equipment to be repaired in the U.S. that had an FSB sticker on it. The defendant admits that he believed that the equipment was to be used by the FSB, but agreed with Chistyakov to remove the sticker, send the equipment to a U.S. company to be repaired, , and then reexport the item to the Russian company RosAero. The defendant admits that he, Buyanovsky, and Chistyakov removed the sticker because they knew that the FSB was an intelligence and security agency of the Russian Federation and that if the U.S. company that repaired the avionics equipment saw the sticker, it might not proceed with the transaction.

The defendant admits that he knew that a license from the U.S. Department of Commerce was required after February 2022 to export or reexport the avionics equipment discussed in the Second Superseding Indictment to Russia, but chose not to seek such a license and instead sought to conceal his illegal activity from the U.S. Government. The defendant admits that he discussed with Buyanovsky, Chistyakov, and others various means to conceal his illegal activity, including shipping export-controlled equipment to other people in the U.S. to be shipped on to Russia or to other companies in third-party countries that were not logistics companies and did not have overt ties to Russia. The defendant admits that he discussed these transshipping options with his Conspirators for the purpose of developing a scheme to evade U.S. export controls and continue to ship export-controlled avionics equipment to Russia in violation of U.S. law.

The defendant admits that in approximately October 2022, in the District of Kansas and elsewhere, he, Chistyakov, and Buyanovsky exported controlled avionics equipment from the U.S. to Russia via the United Arab Emirates. Dring this transaction, defendant admits that he and Chistyakov discussed using various third-party companies in countries such as Kazakhstan, Laos, and the United Arab Emirates to hide the ultimate Russian end user from the U.S. Government and the U.S. avionics company. Defendant also admits that he, Buyanovsky, and Chistyakov used bank accounts in third-party countries to conceal and promote their illegal activity. Defendant admits that he, Buyanovsky, and Chistyakov exported the controlled avionics equipment to Russia via the United Arab Emirates without the required license from the Commerce Department, despite knowing that doing so violated U.S. law.

The defendant admits that in approximately December 2022, in the District of Kansas and elsewhere, he, Chistyakov, and Buyanovsky exported controlled avionics equipment from the U.S. to Russia via the United Arab Emirates. During this transaction, defendant admits that he and Chistyakov discussed using various third-party companies in countries such as Kyrgyzstan, Kazakhstan, and the United Arab Emirates to hide the ultimate Russian end user from the U.S. Government and the U.S. avionics company. Defendant also admits that he, Buyanovsky, and Chistyakov used bank accounts in third-party countries to conceal and promote their illegal activity. Defendant admits that he, Buyanovsky, and Chistyakov exported the controlled avionics

equipment to Russia via the United Arab Emirates without the required license from the Commerce Department, despite knowing that doing so violated U.S. law.

The defendant admits that from on or about February 2021 and continuing through on or about February 2023, in the District of Kansas and elsewhere, he and the Conspirators used international bank wires to promote their illegal export activity, specifically the smuggling of avionics equipment outside of the United States in violation of U.S. law, including Title 13, United States Code, Section 305 (False Export Information) and, from February 2022 to March 2023, Title 50, United States Code, Section 4819 (Export Control Reform Act). The defendant admits that he aided and abetted Cyril Buyanovsky, Oleg Chistyakov, and others transferred money between the United States and foreign countries, including Armenia, the Czech Republic, the United Arab Emirates, Kazakhstan, Kyrgyzstan, and Cyprus, to promote their illegal export activity.

The defendant admits that the following items constitute property that was intended to be exported in violation of U.S. laws: (1) avionics equipment and accessories from AirTeam in the Czech Republic contained in cardboard box recovered from KanRus's New Century hangar, including a Garmin GWX 70 antenna array (p/n 117-00254-00, s/n 32861), a Garmin GWX 75 weather radar transceiver (p/n 010-01589-00, s/n 4RR003775/3286) Garmin GI 275 altitude indicator (p/n 010-02326-10; s/n 5MZ113294), a sub-assy installation kit for GWX 75 (p/n 011-01769-00); and (2) pallet of avionics equipment and accessories associated with attempted export ITN:X20230228312933. The defendant does not object to the forfeiture of the KanRus inventory, as more fully described in Exhibit A, which is incorporated as part of this agreement.

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay.

Defendant understands that the sentence in this case will be determined by the Court pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the Sentencing Commission. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence,

the parties agree that the facts and evidence support the following estimated offense level under the Guidelines:

| | | |
|---|---|---|
| U.S.S.G. § 2S1.1(a)(1)<br>U.S.S.G. § 2M5.1(a)(1) | Base Offense Level | 26 |
| U.S.S.G. § 2S1.1(b)(2)(B) | Specific Offense Characteristics<br>Involving violation of § 1956 | +2 |
| | **Total** | **28** |

The parties agree to the estimated offense level outlined above, but nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office regarding other sentencing issues, or from arguing the application of other specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining counts of the Second Superseding Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Second Superseding Indictment;

(c) to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance; and

  (d)  to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of

Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to the forfeiture of the following property to the United States:

> (a) avionics equipment and accessories from AirTeam in the Czech Republic contained in cardboard recovered from KanRus's New Century hangar, including a Garmin GWX 70 antenna array (p/n 117-00254-00, s/n 32861), a Garmin GWX 75 weather radar transceiver (p/n 010-01589-00, s/n 4RR003775/3286), a Garmin GI 275 altitude indicator (p/n 010-02326-10; s/n 5MZ113294), a sub-assy installation kit for GWX 75 (p/n 011-01769-00);
>
> (b) pallet of avionics equipment and accessories associated with attempted export ITN:X20230228312933; and
>
> (c) inventory, as more fully described in Exhibit A.

The defendant agrees that this property was used or intended to be used to commit Count 1 and/or constitutes or is traceable to proceeds derived from Count 1 and/or were intended to be exported in violation of Count 1.

The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment and to the forfeiture of the property listed herein. The defendant acknowledges and agrees that the forfeiture of this property and the imposition of a forfeiture judgment shall not be deemed an alteration of his sentence or this agreement and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture and agrees to sign any and all documents

necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court

departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide

information concerning the offenses and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____   Date: 5/7/2024
Ryan J. Huschka
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Ryan.Huschka@usdoj.gov
Kan. S. Ct. No. 23840

_____   Date: May 8, 2024
Scott C. Rask
Assistant United States Attorney
500 State Avenue, Suite 360

Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643

_D. Christopher Oakley_                                    Date: May 9, 2024
D. Christopher Oakley
Supervisory Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Chris.Oakley@usdoj.gov
Kan. S. Ct. No. 19248

_Adam P. Barry_                                            Date: 05/07/2024
Adam P. Barry
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 233-0788
(202) 532-4251 (fax)
Adam.Barry@usdoj.gov
Cal. Bar No. 294449

_[signature]_                                              Date: 2024-07-02
Douglas Edward Robertson
Defendant

_[signature]_                                              Date: 7/2/24
Branden Bell
Morgan Pilate, LLC
926 Cherry Street
Kansas City, Missouri 64106
(816) 471-6694
(816) 472-3516 (fax)
BBell@morganpilate.com
Bar # 22618
Counsel for Defendant